UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SILVA,<br><br>    Plaintiff<br><br>    v.<br><br>ADAM CHRISTIANSON, et al.,<br><br>    Defendants | CASE NO. 1:16-CV-0856 AWI SKO<br><br>**ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED AND THIS CASE CLOSED DUE TO A LACK OF SUBJECT MATTER JURISDICTION** |

    Plaintiff Frank Silva is proceeding pro se in this civil matter. Defendants are members of the Modesto Sheriff's Department and what appears to be a bank manager. Plaintiff states that the basis for this Court's jurisdiction is the presence of a federal question.

    It is a fundamental precept that federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip., 437 U.S. 365, 374 (1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d at 1027. Defects in subject matter jurisdiction may be raised at any time, either by the parties or *sua sponte* by the court. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012); Olson v. NBC, 855 F.2d 1446, 1453 (9th Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Washington Envtl. Council v. Bellon, 732 F.3d 1131, 1138 (9th Cir. 2013).

Courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

Here, under the "basis for jurisdiction" section of the Complaint,[1] Plaintiff has written: "Adam Christianson Sheriff's Dept. won't call me back left messages 2 time [sic]. Darlene R. Collier won't do fraud on them writing checks, and on fraud on credit card with dish to einsurance companys [sic]." In other parts of the Complaint, Plaintiff indicates that Defendant Adam Christianson, who is the Sheriff of Stanislaus County, did not make any arrests in connection with Plaintiff's report of a stolen pool sweep, and did not investigate a report of a missing family in Turlock, California. Plaintiff also alleges that Defendant McDonald of the Sheriff's Department was involved in small claims case against Plaintiff/Plaintiff's house, that Jeffrey Reyes of the Sheriff's Department sent a letter that Plaintiff's house had a foreclosure date of 1-15-16 but there was never a foreclosure, Reyes and Macdonald will not return calls, and that Macdonald had Plaintiff's house going to the title company with no pay out.

There is no federal question apparent from the face of the Complaint. No federal statutes are cited, no constitutional provisions are identified, and the Court cannot determine what wrongs the defendants committed, if any. It is unclear what Plaintiff is even attempting to allege that Defendants did to harm him. Therefore, the Complaint does not invoke federal question jurisdiction.[2]

As stated above, if this Court lacks subject matter jurisdiction, it must dismiss the case.

---

[1] The Complaint is on a pre-printed form. See Doc. No. 1.

[2] It is not clear whether Plaintiff is attempting to allege claims under 42 U.S.C. § 1983, the general civil rights statute. In order state a claim under 42 U.S.C. § 1983, Plaintiff must make factual allegations that shows both: (1) a deprivation of a right secured by the federal Constitution or federal statutory law, and (2) that the deprivation was committed by a person acting under color of state law. See Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). The Court notes that a failure to investigate or the failure to conduct an adequate investigation, without more, does not violate the Constitution. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); Mancini v. City of Cloverdale Police Dept., 2015 U.S. Dist. LEXIS 96995, *11-*13 (N.D. Cal. July 24, 2015) (and cases cited therein).

Fed. R. Civ. P. 12(h)(3); Bellon, 732 F.3d at 1138.  Before the Court dismisses the case, it will order Plaintiff to show cause in writing why this case should not be dismissed due to a lack of subject matter jurisdiction.  In his response to the order to show cause, Plaintiff must identify a basis for subject matter jurisdiction and include factual allegations that demonstrate plausible claims.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  If Plaintiff's response is adequate, the Court will grant Plaintiff leave to amend his complaint.  If Plaintiff's response is inadequate, or if Plaintiff does not timely respond to this order, the Complaint will be dismissed due to a lack of subject matter jurisdiction and this case will be closed.

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is to show cause in writing, as discussed above, why this case should not be dismissed due to a lack of subject matter jurisdiction;

2. Plaintiff shall show cause in writing on or before October 11, 2016;[3] and

3. The failure to timely respond will result in the dismissal of the complaint and the closure of this case without further notice.

IT IS SO ORDERED.

Dated:   September 21, 2016

SENIOR DISTRICT JUDGE

---

[3] The Court must be in actual receipt of the response on or by October 11, 2016.

3